THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA BAY DIVISION

ANNETTE WAITE,

    Plaintiff,                                 CASE NO.

v.

FINANCIAL RECOVERY SERVICES, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, ANNETTE WAITE (Plaintiff), through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, FINANCIAL RECOVERY SERVICES, INC., alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Plaintiff resides in the state of Florida and Defendant is a national company that conducts business in the state of Florida, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in the Largo, Pinellas County, State of Florida.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a business located in Edina, Hennepin County, Minnesota.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (file #SC3188).

12. Defendant did not send Plaintiff a debt-notice letter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place known or which should be known to be inconvenient to Plaintiff.

b) Defendant violated *§1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

c)  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

d)  Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, ANNETTE WAITE, respectfully prays that judgment be entered against FINANCIAL RECOVERY SERVICES, INC. for the following:

14. Declaratory judgment that the Defendant's conduct violated the Fair Debt Collection Practices Act,

15. Actual damages.

16. Statutory damages of $1000.00 pursuant to the Federal Debt Collection Practices Act, 15 U.S.C. 1692k.

17. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

18. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Matthew Kiverts
　Matthew Kiverts
　Krohn & Moss, Ltd
　120 W Madison St, 10th Floor
　Chicago, IL 60602
　(312) 578-9428 ext. 203
　Attorney for Plaintiff
　FBN: 0013143

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANNETTE WAITE, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

Plaintiff, ANNETTE WAITE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ANNETTE WAITE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 10-8-09  _____
 ANNETTE WAITE

VERIFIED COMPLAINT 5