**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANNETTE WAITE,

                 Plaintiff,

v.

FINANCIAL RECOVERY SERVICES,
INC.,

                 Defendant.

CASE NO.: 8:09-cv-2336-VMC-AEP

**DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT**
**AND SUPPORTING**
**MEMORANDUM OF LAW**

Defendant, Financial Recovery Services, Inc. ("FRS"), through counsel and under Fed. R. Civ. P. 8, 12(c) and 56, hereby moves for dismissal of the Complaint filed by Plaintiff, Annette Waite ("Plaintiff"), and summary judgment in its favor on all claims. Not only has Plaintiff failed to meet even the most basic pleading requirements, but the pleadings, discovery, and affidavits on file also show there is no genuine issue of material fact and FRS is entitled to judgment as a matter of law. FRS respectfully submits the following memorandum of law in support its motion for summary judgment.

**INTRODUCTION**

This is a Fair Debt Collection Practices Act ("FDCPA") action. Plaintiff alleges FRS failed to send the required validation notice under 15 U.S.C. § 1692g(a)(1-5), and that FRS' communications with Plaintiff violated other provisions of the FDCPA (set forth in further detail below). Even when the evidence is viewed in the light most favorable to Plaintiff, FRS should be granted summary judgment. First, discovery has

shown that FRS did in fact send the required validation notice.  Plaintiff does not dispute the accuracy of FRS' records and, in her discovery, she refers to FRS' records as evidence of the activity on her file.  Plaintiff's allegation regarding the validation notice is simply wrong, and summary judgment is appropriate.

Second, with respect to the other alleged violations of the FDCPA (which relate to Plaintiff's allegation of harassment, abuse, and oppression under the FDCPA), even when the evidence is viewed in the light most favorable to Plaintiff, as a matter of law the evidence does not show a violation.  As set forth in detail on the Fact Sheet (attached as an affidavit exhibit with this motion), FRS rarely communicated with Plaintiff.  FRS' communications and attempted communications with Plaintiff typically occurred between 9:00 a.m. and 7:00 p.m., often with only one or two attempts per day (if any attempt was made at all – on many days there were no calls).  More often than not no one answered, and no message was left.  FRS did not attempt to contact Plaintiff every day.  This is not the type of abusive conduct the FDCPA was designed to remedy.  Indeed, there is no allegation of any abusive telephone communications or written correspondence.  Because FRS did not violate the FDCPA, this Court should grant summary judgment in favor of Defendant.

**FACTS**

On February 5, 2009, Plaintiff's Dell Financial Services credit account ("Account") was placed with FRS.  Exhibit 1, Affidavit of Brian Bowers In Support of Defendant's Motion for Summary Judgment (hereinafter "Bowers Aff.") at ¶ 4.  Shortly thereafter, on February 9, 2009, pursuant to its procedures, FRS processed the account at

issue and requested that its third party mail provider, CompuMail, Inc. ("CompuMail"),

send an initial collection letter to Plaintiff.  Bowers Aff. at ¶ 9, Exhibit 2, Affidavit of

Sam Andreasen (hereinafter "Andreasen Aff.") at ¶ 6.  That same day, CompuMail

processed the request and sent a collection letter to Plaintiff ("Letter"), which included

the following language:

> UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER
> RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF
> THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL
> ASSUME THIS DEBT IS VALID.  IF YOU NOTIFY THIS OFFICE IN
> WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE
> THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY
> PORTION OF IT, THIS OFFICE WILL OBTAIN VERIFICATION OF
> THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU
> A COPY OF SUCH JUDGMENT OR VERIFICATION.   IF YOU
> REQUEST OF THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER
> RECEIVING THIS NOTICE THIS OFFICE WILL PROVIDE YOU
> WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR,
> IF DIFFERENT FROM THE CURRENT CREDITOR.
>
> ******
>
> THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION
> OBTAINED WILL BE USED FOR THAT PURPOSE.   THIS
> COMMUNICATION IS FROM A DEBT COLLECTOR.  SEE REVERSE
> SIDE FOR IMPORTANT INFORMATION.

Bowers Aff. at ¶ 9 and Ex. B; Andreasen Aff. At ¶7 and Ex. B.  The letter was never

returned to FRS as undeliverable.  Bowers Aff at ¶ 7 and 11.  The actions of both FRS

and CompuMail were done in the regular course of business.  *See generally* Bowers Aff.

(Specifically ¶¶ 5, 9 and 12) and Andreasen Aff. (Specifically ¶¶ 3 and 8).

In addition, FRS first attempted to contact Plaintiff via telephone on February 7,

2009 and made its last attempt to contact Plaintiff via telephone some 264 days later, on

October 29, 2009.  Bowers Aff. ¶ 13 and Ex. A.  In that time, FRS left a mere six messages.  *Id.*  Only twice did anybody answer Plaintiff's telephone.  *Id.*

Plaintiff commenced this FDCPA action based upon the following two factual allegations contained in her Complaint:

> 11.   Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (file # SC3188).

> 12.   Defendant did not send Plaintiff a debt-notice letter.

(Dkt 1, Complaint at ¶¶ 11and 12).   These are the only two paragraphs under the Complaint's subheading "Factual Allegations."  *Id.*

Based upon these facts, Plaintiff alleged violations of the FDCPA, specifically, Section 1692g(a)(1-5) (alleged failure to provide validation notice), and Sections 1692c(a)(i), 1692d, and 1692d(5) (alleged violations related to the allegations contained in paragraph 11 of Plaintiff's Complaint).  In FRS' Answer, in response to paragraph 11, FRS admitted "that it placed multiple calls to Plaintiff seeking payment of Plaintiff's debt."  (Dkt 5, Answer at ¶ 11).  With respect to paragraph 12, regarding the alleged failure to send a validation notice, FRS denied the allegation set forth in paragraph 12 and "specifically asserts that it sent Plaintiff an initial validation letter on or about February 9, 2009."  *Id.*

In FRS' supplemental discovery responses, served on or about May 25, 2010, FRS attached a copy of the form of the validation notice mailed to Plaintiff on or about February 9, 2009.  *See* Bowers Aff. at Initial Notification Letter, Ex. B and ¶ 9; Andreasen Aff. at ¶ 7 and Ex. A.  Pursuant to FRS' procedures, debt collection notices to

1630512v1

4

debtors are to be mailed via First Class U.S. Mail.  Bowers Aff. at ¶ 9.  FRS sent two additional letters on March 9, 2009 and June 8, 2009.  *Id*. at Exs. C, D and ¶ 10.  Account personnel monitor collection activity on each account, routinely noting whether an envelope is returned undelivered. *Id*. at ¶ 7.  According to FRS' records, none of the letters sent to Plaintiff were returned to FRS by the U.S. Postal Service.  *Id*. at ¶ 11.

Defendant's account notes are referenced on the Fact Sheet produced in discovery. *See* Bowers Aff. at Ex. A.  As part of its regular course of business, FRS uses Collection Resource System ("CRS"), which is computerized collection software, produced by CR Software, Inc.  *Id*. at ¶ 5.  CRS acts as an electronic filing system for each collection account.  *Id*. at ¶ 6.  It records all collection activities, including which notices are sent to whom and the dates of the notices.  *Id*.  All transactions and contacts on consumer files are entered immediately and cannot be deleted once entered.  *Id*.

When FRS asked Plaintiff to provide further support for her allegation of "constant and continuous" phone calls, Plaintiff stated in her discovery responses that she "does not recall each and every communication with Defendant.   Please refer to Defendant's account notes for requested information."  Exhibit 3, Plaintiff's Responses to Defendant's Interrogatories (hereinafter "Interrogatory Responses") at No. 16.

In terms of the legal support for Defendant's alleged violations of the FDCPA, Plaintiff's discovery responses merely repeat the provisions of the statute:

> Defendant violated *§ 1692c(a)(1)* of the FDCPA by communicating with Plaintiff in connection with the collection of a debt at a time or place or which should be known to be inconvenient to Plaintiff.

Defendant violated *§ 1692d* of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt.

Defendant violated *§ 1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

Defendant violated *§ 1692g(a)(1-5)* of the FDCPA by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collection in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Interrogatory Responses No. 5.

## ARGUMENT

## I.    SUMMARY JUDGMENT STANDARD.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact

is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id*. at 1260.  A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*.; *Anderson*, 477 U.S. at 251-52, 106 S.Ct. 2505.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.  The court may not weigh conflicting evidence or weigh the credibility of the parties.  *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir.1993).  If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment.  *Id*.  On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp*., 477 U.S. at 322, 106 S.Ct. 2548.  In addition, when a claimant fails to produce "anything more than a repetition of his conclusory allegations," summary judgment for the movant is "not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir.1981).

## II.   FRS IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF FAILS TO SHOW ANY VIOLATIONS OF THE FDCPA.

FRS is entitled to summary judgment.  Not only does Plaintiff fail to adequately show any violation, but FRS in fact complied with the FDCPA and mailed the required notice, and its actions were not harassing.  Accordingly, FRS is entitled to summary judgment.

### A.   Plaintiff's One-Sentence Factual Allegation Fails To Satisfy Federal Pleading Standards.

In support of the allegations in Plaintiff's Complaint, Plaintiff sets forth a one-sentence conclusion that "Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (file #SC3188)." (Dkt 1, Complaint at ¶ 11).  This one sentence is not sufficient to meet Federal pleading standards.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, (1957).  To survive a motion to dismiss, a plaintiff must be able to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, (1957)).

The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *Portofino South Condominium Ass'n v. Qbe*

*Ins.*, 664 F.Supp.2d 1265, 1267 (S.D. Fla., 2009) *citing Linder v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir.1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir.1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements ...". *Id.*, *citing Iqbal*, 129 S.Ct. at 1949.

Plaintiff's allegations do not even rise to the level of "threadbare recitals," let alone a plausible claim.  For example, Plaintiff alleges a violation of §1692c(a)(1) for communications with Plaintiff in connection with the collection of a debt at a time or place which should be known to be inconvenient to Plaintiff. (Dkt. 1, Complaint at ¶ 13(a)).  However, the Complaint does not identify any specific calls, times or places, or even allege that these unidentified communications were "inconvenient" to the Plaintiff. Similarly, Plaintiff alleges a violation of § 1692d, for conduct "the natural consequences of which was to harass, oppress, and abuse" Plaintiff, and that FRS caused the phone to ring "continuously, with the intent to annoy, abuse, and harass" Plaintiff.  *Id.* at ¶ 13(b) and (c).  But, Plaintiff's Complaint baldly alleges "constant and continuous collection calls," without any further attempt to set forth facts in support of these allegations of harassment and abuse.

It is clear that Plaintiff's Complaint is a basic, boilerplate form, without any attempt at specificity.  If Plaintiff's Complaint satisfies Federal pleading standards in an FDCPA action, what complaint doesn't?  In short, notwithstanding that FRS has brought this motion as one for summary judgment, it is noteworthy that even under the more

exacting standard of review on a Rule 12 motion to dismiss, Plaintiff's Complaint is deficient and must be dismissed.

### B.      FRS DID NOT VIOLATE THE FDCPA

#### 1.      FRS Sent The Required Validation Notice.

Section 1692g only requires that a collector send a written notice setting forth the information provided for in said section. Numerous courts have held that the FDCPA does not require actual receipt; rather, all that must be shown is that the notice was mailed by the debt collector and that the notice was not returned. *See, e.g., Mahon v. Credit Bureau of Placer County*, 171 F.3d 1197 (9th Cir.1999); *Zamos II v. Asset Acceptance*, LLC, 423 F.Supp.2d 777 (N.D.Ohio 2006); *Johnson v. Midland Credit Management, Inc.,* No. 1:05 CV 1094, 2006 WL 2473004 (N.D.Ohio); *Van Westrienen v. Americontinental Collection Corp.*, 94 F.Supp.2d 1087 (D.Ore.2000); *Crain v. Pinnacle Financial Group of MN, Inc.*, 2007 WL 3408540 (E.D.Mich.) ("Denial of receipt, however, is irrelevant for purposes of the FDCPA. The statute does not require Defendant to prove Plaintiff actually received the letters.").

The *Mahon* court held that "section 1692g(a) requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor." 171 F.3d at 1201; *see also Zamos II,* 423 F.Supp.2d at 785-86 (quoting and relying on *Mahon*); *Van Westrienen*, 94 F.Supp.2d at 1097-98 (same). Thus, whether or not Plaintiff received the notice is not a genuine issue of material fact. *See Van Westrienen v. Americontinental Collection Corp.*, 94 F.Supp.2d 1087, 1097 (D.Ore. 2000) (stating that

"The Ninth Circuit found no material issue of genuine fact as to whether the defendant sent the required notice and held that the defendant satisfied § 1692g(a).").

It bears noting that under the common law Mailbox Rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992); *see also Meckel v. Continental Resources Co.,* 758 F.2d 811, 817 (2d Cir. 1985) (properly mailed computer-generated notices can be presumed received). Indeed, it has been held that even if a debt collection validation notice is sent to the last known address, and the debtor claims not to have received it because he no longer resides there, the collection agency has complied with the FDCPA. *Nichols v. Byrd*, 435 F.Supp.2d 1101 (D. Nev. 2006) (stating that the debt collector "was not required to send a second validation notice where a notice had been sent in conjunction with the initial communication to the last known address.").

FRS sent Plaintiff the validation notice required by the FDCPA, and FRS is entitled to summary judgment on Plaintiff's claim. As set forth above, 15 U.S.C. § 1692g requires that a validation notice be sent within five days of the initial communication with a consumer. 15 U.S.C. § 1692g. The FDCPA requires that the notice contain the amount of the debt, the name of the creditor to whom the debt is owed, a statement that the consumer has thirty days to dispute the debt, or the debt will be assumed to be valid by the debt collector; and that upon notice the debt collector will obtain verification of the debt and provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g (a)1-5.

FRS complied with the requirements of 15 U.S.C. § 1692g in its entirety. Plaintiff was sent the validation notice on February 9, 2009. Bowers Aff. at ¶ 9 and Exs. A and B; Andreasen Aff. at ¶ 7. The notice was sent within five days of the initial communication with Plaintiff. Bowers Aff., at Ex. A. Further, the validation notice fully complied with the requirements of 15 U.S.C. § 1692g(a)1-5. *Id*. at Ex. B. As the notice was not returned to FRS, it is presumed that Plaintiff received the notice. *Id*. at ¶ 11. Accordingly, Plaintiff's claim that Defendant failed to send the required validation notice and failed to comply with Section 1692g(a)(1-5) should be dismissed.

### 2.    FRS Did Not Harass Plaintiff.

Other courts have granted motions to dismiss and summary judgment in similar, deficiently-pled FDCPA cases, where the evidence in support of the allegations does not show a violation of the FDCPA. For example, in *Unterreiner v. Stoneleigh Recovery Associates, LLC*, No. 09-C-7042, 2010 WL2523G57 (N.D. Ill. June 17, 2010), the District Court granted defendant's motion to dismiss because defendant's alleged conduct did not rise to the level of an FDCPA violation. In *Unterreiner*, plaintiff alleged in her complaint that a debt collection agency called her and "screamed" at her, told her that she owed "all kinds of money," and asked "how could you go and max out a card like that?" Plaintiff alleged the natural consequences of such conduct was to "harass, oppress or abuse her," and that the language was obscene or profane under 15 U.S.C § 1692d(2). *Id*. at *1.[1] The court determined that the alleged statements did not state a claim under

---

[1] *See also Bassett v. I.C. System, Inc*., 2010 WL 2179175, *3 (N.D. Ill.) (awarding defendant summary judgment where the evidence showed that "on one occasion during a telephone call, a

§ 1692d(2), nor did "the conduct alleged, viewed as a whole, rise to the level of harassment, oppression, or abuse that courts require to establish a section § 1692d violation. *Id.* at *2.  Accordingly, the court granted defendant's motion to dismiss.[2]

In *Tucker v. Malcolm S. Gerald and Associates, Inc.*, No. 3:09-1183-J-12JRK, 2010 WL1223912 (M.D. Fla. March 24, 2010), the court granted the defendant's motion to dismiss for failure to state a claim under the FDCPA.[3]  Plaintiff alleged violations of the FDCPA, stating that defendant "placed these calls to plaintiff 'seeking and demanding payment' for an alleged debt that plaintiff does not owe, 'hangs up without leaving voicemail messages,' fails to disclose the call is from a debt collector, fails to provide meaningful disclosure of the caller's identity, and did not send plaintiff a debt validation letter."  *Id.* at *2.  Plaintiff alleged in a single count that the defendant's conduct violated nine (9) different provisions of the FDCPA.  *Id.*

In granting defendant's motion to dismiss, the court determined that plaintiff's complaint "is largely comprised of formulaic recitations of the statutory elements of violations of the FDCPA and does not allege facts sufficient to meet the requirements of *Twombly* and *Iqbal* . . .. "  *Id.*  Specifically, the Court noted that the allegations did "not

---

debt collector called him a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt."); *Guarjardo v. GC Services, LP,* 2009 WL 3715603, *1 (S.D. Tex) (granting  defendant summary judgment where defendant's employee called plaintiff a "liar" and stated, "I can tell the kind of life you live by the fact that you don't pay your bills on time."); *Thomas v. LDG Fin. Servs., LLC,* 463 F.Supp.2d 1370, 1372 (N.D.Ga. 2006) (dismissing § 1692d claim where debt collector stated "they were going to get their money one way or the other" and plaintiff alleged that the debt collector "yelled" and "screamed" at her); *Majeski v. I.C. System, Inc.,* 2010 WL 145861, *4 (N.D. Ill.) ("Yelling and rude language, while disrespectful, does not by itself violate § 1692d.").

[2] The plaintiff in *Unterreiner* was also represented by Krohn & Moss, LTD.

[3] The plaintiff in *Tucker* was also represented by Krohn & Moss, LTD.

describe the number, frequency or patterns of calls to support [the] conclusory allegations that such calls were made at a time or place known or which should be known as inconvenient to plaintiff or that the natural consequence of defendant's conduct was to harass, oppress or abuse plaintiff in connection with the collection of the alleged debt." *Id.* at *2.   Similarly, "his factual assertions likewise do not adequately support his assertions regarding violations of the FDCPA involving false representations or improper communications, because he has not alleged that defendant made any representations or communications at all, only that defendant called without leaving any messages." *Id.* Accordingly, plaintiff's complaint, "largely comprised of legal conclusions reciting the statutory elements which do not plausibly suggest liability on the part of defendant," was dismissed. *Id.* at *3.

In terms of cases construing the number, frequency or pattern of calls, in *Tucker v. CBE Group, Inc.*, 3:09-CV-134-J-25MCR, (M.D. Fla. May 5, 2010), the court granted summary judgment in favor of defendant where defendant's records showed fifty-seven calls had been made, but no more then seven calls on any given day.   Defendant left six voice messages, but never called the number back the same day after leaving a voice message.   The court determined that this evidence was not sufficient to support a violation of § 1692d(5) of the FDCPA, in that the defendant did not cause plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse and harass plaintiff.   *Id.* at *7-8.   In reaching its decision, the *Tucker* court noted that "Defendant only left a total of six messages, made no more than seven calls in a single day, and did

not call back the same day after leaving a message." Thus, the evidence indicated that the collector had sought to contact the debtor, which was not harassment.

Also instructive in this matter is the FTC commentary for 15 U.S.C. § 1692d(5), which clarifies that "'Continuously' means making a series of telephone calls, one right after the other." *See* FTC Staff Commentary on the Fair Debt Collection Practices Act located at http://www.ftc.gov/os/statutes/fdcpa/commentary.htm#806. In this instance, it is clear that FRS did not contact Plaintiff "continuously" as that term is intended to be construed under the statute.

Even when all of the evidence is viewed in the light most favorable to Plaintiff, FRS did not violate the FDCPA. The Fact Sheet produced by FRS lists the communications and attempted communications between FRS and Plaintiff. Bowers Aff. at Ex. A. Here, the Fact Sheet reveals that if a call was made to Plaintiff on a certain day, typically only one attempt at calling Plaintiff was made for that day. *Id*. Usually, there was no answer, as evidence by the "NA" designation on the Fact Sheet. *Id*. at ¶ 12. In terms of the time of day of the calls, the latest call occurred at 7:36 p.m. Central Standard Time (thus 8:36 p.m. EST). *Id*. at Ex. A. The earliest call occurred at 7:28 a.m. CST (thus 8:28 a.m. EST). The vast majority of calls occurred between 9 a.m. and 7 p.m. *Id.*

As in *Tucker*, FRS only left six messages for Plaintiff, and never called Plaintiff back on the same day after leaving a message. *Id*. at ¶ 13 and Ex. A. In addition, the most FRS ever tried to contact Plaintiff was three times in one day, far less than the seven

calls per day held to be acceptable in *Tucker*.  Bowers Aff. at Ex. A.[4]  Moreover, at no time did Plaintiff dispute the debt or request that calls to her cease and Plaintiff makes no such allegations. Plaintiff alleges only that FRS called her constantly and continuously "seeking and demanding payment for an alleged debt."  However, because FRS was seeking and demanding payment for an undisputed debt, it is clear that FRS' intent was to collect on a debt; there was no intent to harass Plaintiff.  Bowers Aff. ¶ 14.

While the Fact Sheet speaks for itself, it is clear from the entries that Defendant's communications and attempted communications did not abuse, harass, or oppress Plaintiff in violation of the FDCPA.  Under fact patterns far more egregious than this one, courts in this District and elsewhere have granted motions to dismiss and summary judgment.  This Court should likewise grant Defendant's Motion for Summary Judgment.

<u>CONCLUSION</u>

WHEREFORE, Based upon the foregoing, Defendant, Financial Recovery Services, Inc., respectively requests this Court grant Summary Judgment and dismiss Plaintiff's claims in their entirety with prejudice, and for such other relief as this Court deems proper.

Respectfully submitted,

/s/ Dayle M. Van Hoose
Dayle M. Van Hoose, Esq.
Florida Bar No.:  0016277
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.

---

[4] *See* March 2, 2009 entry and September 25, 2009 entry.  On March 2, on two of those three attempts Plaintiff's line was busy, and thus she would not have received those calls  *Id*.

3350 Buschwood Park Drive, Suite 195
Tampa, Florida  33618
Telephone:    (813) 890-2463
Facsimile:     (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Attorneys for Defendant,
Financial Recovery Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August 2010, a copy of the foregoing was

served electronically via CM/ECF on the following:

James Pacitti, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Boulevard, Suite 401
Los Angeles, CA 90025

/s/ Dayle M. Van Hoose
Attorney

\\sfnfs02\prolawdocs\9255\9255-25565\Waite, Annette\165658.DOC