UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE WAITE,

    Plaintiff,

v.                                                  CASE NO. **8:09-cv-02336-VMC-AEP**

FINANCIAL RECOVERY SERVICES, INC.,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, ANNETTE WAITE ("Plaintiff"), by her attorneys, KROHN & MOSS, LTD., and in response to Defendant's, FINANCIAL RECOVERY SERVICES, INC. ("Defendant"), Motion for Summary Judgment, and affirmatively states as follows:

**I.    STATEMENT OF UNDISPUTED MATERIAL FACTS**

On February 05, 2009, Defendant received a collection account from Dell Financial Services for a debt owed by Plaintiff. *See* Affidavit of Brian Bowers ("Bowers") ¶ 4 attached as Exhibit 1 of Defendant's Motion for Summary Judgment; *see also* Defendant's Fact Sheet ("Fact Sheet") attached as Exhibit A to Bowers affidavit. Between February 06, 2009 and November 19, 2009, Defendant placed one hundred and thirty-two (132) collection calls to Plaintiff. *See* Fact Sheet. Specifically, Plaintiff received:

    Twenty-nine (29) collection calls from Defendant in February 2009.

    Twenty-seven (27) collection calls from Defendant in March 2009.

    Thirteen (13) collection calls from Defendant in April 2009.

    Three (3) collection calls from Defendant in May 2009.

    Seven (7) collection calls from Defendant in June 2009.

    Three (3) collection calls from Defendant in July 2009.

    Seventeen (17) collection calls from Defendant in August 2009.

    Twenty (20) collection calls from Defendant in September 2009.

    Ten (10) collection calls from Defendant in October 2009.

    Three (3) collection calls from Defendant in November 2009.

*See* Fact Sheet.

  On November 16, 2009, Plaintiff filed her Complaint against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"). *See* DE 1. Defendant filed its Answer on January 18, 2010. *See* DE 5. In its Answer Defendant admitted that it placed multiple calls to Plaintiff seeking payment of Plaintiff's debt. *See id.* Furthermore, in Defendant's responses to Plaintiff's request for admissions Defendant admitted that it called Plaintiff more than one time in twenty-four (24) hours. *See* Defendant's Responses to Plaintiff's Request for Admissions attached hereto as Exhibit A. Defendant also admitted that it called Plaintiff and hung up without leaving a voicemail message. *See id.* On August 4, 2010, Defendant filed its Motion for Summary Judgment. *See* DE 22.

## II.  STATEMENT OF DISPUTED MATERIAL FACTS.

  Defendant placed constant and continuous collection calls to Plaintiff's home telephone number. *See* Affidavit of Plaintiff, Annette Waite attached hereto as Exhibit B. Plaintiff knew that it was Defendant placing the collection calls because the voicemail messages she received identified Defendant as the caller. *Id.* Defendant placed one hundred and thirty-two (132) collection calls to Plaintiff between February 06, 2009 and November 19, 2009. *See* Fact Sheet. Defendant would call for a period of time, then the calls would stop for a period of time, then the

---

calls would start up again. *See* Exhibit B.  During the periods of time when Defendant placed collection calls to Plaintiff the calls were almost daily and even several times in a single day. *Id.* Specifically, Plaintiff received twenty-nine (29) collection calls from Defendant in February 2009; twenty-seven (27) collection calls from Defendant in March 2009; thirteen (13) collection calls from Defendant in April 2009; three (3) collection calls from Defendant in May 2009; seven (7) collection calls from Defendant in June 2009; three (3) collection calls from Defendant in July 2009; seventeen (17) collection calls from Defendant in August 2009; twenty (20) collection calls from Defendant in September 2009; ten (10) collection calls from Defendant in October 2009; and three (3) collection calls from Defendant in November 2009.  *See* Fact Sheet. Sometimes Defendant would call Plaintiff and hang up without leaving voicemail messages.  *See* Exhibit B.  Plaintiff recognized the telephone number on her caller ID as Defendant's because it was the same phone number that came up on her caller ID when Defendant would leave a voicemail message and state the name of the caller.  *Id.*  Plaintiff felt harassed by the excessive, constant and continuous calls she received and Defendant only stopped calling after she filed her lawsuit.  *Id.*

**III.   STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  *See Ballard v. Equifax Checks Services, Inc.*, 158 F. Supp.2d 1163, 1170 (2001).  In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). The moving party bears the burden of proving the absence of any triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The non-moving party can defeat a motion for summary judgment by producing evidence "such that a reasonable jury could return a verdict" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Importantly, The United States Supreme Court has long held that federal judges should only grant summary judgments against plaintiffs with great caution. *Associated Press vs. United States,* 326 U.S. 1, 6 (1945) ("We agree that Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them"); *New Hampshire Fire Ins. Co. vs. Scanlon,* 362 U.S. 404 (1960) (In the absence of express statutory authorization, courts should be extremely reluctant to allow proceedings more summary than a full court trial. When the issue is an ordinary dispute, "an everyday, garden-variety controversy that regular, normal court proceedings are designed to take care of," a person may have their "claim adjudicated by the Federal District Court but that should be done in a plenary, not in a summary, proceeding." Id. at 410); *see Redhouse vs. Quality Ford Sales, Inc.,* 511 F. 2d 230, 234 (10th Cir. Utah 1975) (Summary judgment does not serve as a substitute for trial, nor can it be employed so as to require parties to litigate via affidavits, and it is drastic relief to be applied with caution); *Giordano vs. Lee,* 434 F. 2d 1227 (8th Cir. Mo. 1970), cert. denied 403 U.S. 931 (summary judgment is an extreme remedy which should be sparingly employed).

Since its impact is rather drastic, summary judgment under Rule 56 must be used with due regard for its purpose and should be cautiously invoked so that no person will be improperly

deprived of trial of disputed factual issues. *Watson vs. Southern R. Co.,* 420 F. Supp. 483 (D.C.S.C. 1975).

IV. **DEFENDANT FAILED TO MEET ITS BURDEN ESTABLISHING THAT THERE IS NO GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER DEFENDANT'S CONDUCT VIOLATED THE FDCPA**

By filing its Motion for Summary Judgment, Defendant claims that there are no issues of material fact left to be decided and, therefore, Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(b). As argued *infra*, Defendant has failed to meet its burden proving an absence of material fact entitling Defendant to judgment as a matter of law.

A. **DEFENDANT IMPROPERLY ARGUES THE STANDARD REQUIRED UNDER A MOTION TO DISMISS WHEN DEFENDANT BROUGHT A MOTION FOR SUMMARY JUDGMENT AND FILED A RESPONSIVE PLEADING**

Defendant does not characterize its motion for summary judgment as a motion to dismiss, however, Defendant interestingly begins its summary judgment argument with the contention that Plaintiff's Complaint does not meet Federal Pleading standards mandated by Federal Rule of Civil Procedure 8(a)(2). *See* Defendant's Motion for Summary Judgment p. 8. Defendant then goes on to argue Plaintiff's burden to survive a motion to dismiss. *See id.* Nevertheless, Defendant concludes by indicating, "notwithstanding that [Defendant] has brought this motion as one for summary judgment, it is noteworthy that even under the more exacting standard of review under Rule 12 motion to dismiss, Plaintiff's Complaint is deficient and must be dismissed." *See id.* at 10. First, Defendant's conduct in arguing the sufficiency of Plaintiff's Complaint is improper since it filed a summary judgment motion, not a motion to dismiss. Second, Defendant is not entitled to argue the sufficiency of Plaintiff's Complaint because Defendant filed a responsive pleading. Pursuant to Federal Rule 12(b)(6) a motion to dismiss arguing Plaintiff's failure to assert a claim upon which relief must be made before a responsive

pleading is filed. *See* Fed. R. Civ. P. 12(b)(6). Defendant filed its Answer on January 18, 2010 and subsequently filed its motion for summary judgment on August 4, 2010. *See* DE 5 and 22. Therefore, the Court should disregard any portion of Defendant's motion arguing the insufficiency of Plaintiff's Complaint.

### B. A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER DEFENDANT VIOLATED § 1692D AND 1692D(5) OF THE FDCPA

Defendant argues it did not violate § 1692d and 1692d(5) of the FDCPA because Defendant did not contact Plaintiff "continuously." Defendant's argument, however, is without merit and its reliance on case law analyzing motions to dismiss is misguided.

Pursuant to § 1692d "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Further, under § 1692d(5) a debt collector that causes a person's telephone to ring "repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5). Additionally, a debt collector that engages "any person in telephone conversation repeatedly or continuously with [the] intent to annoy, abuse, or harass" is deemed to have engaged in harassing, oppressive, or abusive conduct. 15 U.S.C. § 1692d(5).

Defendant argues, albeit erroneously, that Plaintiff cannot prove a genuine issue of material fact as to whether Defendant violated §§ 1692d and 1692d(5) of the FDCPA. In support thereof, Defendant cites to various decisions in which courts granted motions to dismiss in order to support its proposition that Defendant did not violate the FDCPA. It should be noted that Defendant misleads this Court when it cites to *Bassett v. I.C. System, Inc.,* 2010 WL 2179175, *3 (N.D. Ill June 01, 2010). Defendant is correct in that the *Bassett* court awarded summary judgment for the defendant where the evidence showed that "on one occasion during a telephone

call, a debt collector called the plaintiff a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt." However, this was for the plaintiff's § 1692d(2) claim, not the plaintiff's § 1692d(5) claim. Importantly, in the instant matter, Plaintiff did not assert a § 1692d(2) claim, Plaintiff asserted a § 1692d(5) claim. In fact, the decision in *Bassett* support's Plaintiff's proposition that Defendant caused Plaintiff's phone to ring repeatedly and continuously as prohibited by § 1692d(5). The *Bassett* court determined that because it is undisputed that the defendant called the plaintiff thirty-one (31) times over a twelve (12) day period, plaintiff had presented sufficient evidence raising a genuine issue of material fact that defendant violated § 1692d(5) of the FDCPA. *Id.* at *4. As such, the court denied the defendant's summary judgment as to the plaintiff's § 1692d(5) claim.

Here, Defendant placed one hundred and thirty-two (132) collection calls to Plaintiff between February 06, 2009 and November 19, 2009. *See* Fact Sheet. Specifically, Plaintiff received twenty-nine (29) collection calls from Defendant in February 2009; twenty-seven (27) collection calls from Defendant in March 2009; thirteen (13) collection calls from Defendant in April 2009; three (3) collection calls from Defendant in May 2009; seven (7) collection calls from Defendant in June 2009; three (3) collection calls from Defendant in July 2009; seventeen (17) collection calls from Defendant in August 2009; twenty (20) collection calls from Defendant in September 2009; ten (10) collection calls from Defendant in October 2009; and three (3) collection calls from Defendant in November 2009. *See* Fact Sheet. Moreover, in its Answer Defendant admitted that it placed multiple calls to Plaintiff seeking payment of Plaintiff's debt. *See id.* Furthermore, in Defendant's responses to Plaintiff's request for admissions Defendant admitted that it called Plaintiff more than one time in twenty-four (24) hours. *See* Exhibit A. Defendant also admitted that it called Plaintiff and hung up without


leaving a voicemail message.  *See id.* Therefore, like the defendant in *Bassett*, Defendant does not dispute any calls placed to Plaintiff.  Accordingly Plaintiff has presented sufficient evidence raising a genuine issue of material fact that defendant violated § 1692d(5) of the FDCPA.  *Id.*

Furthermore, Defendant cites to *Unterreiner v. Stoneleigh Recovery Associates,* No. 09-CV-7042, 2010 WL 2523G57 (N.D. Ill. June 17, 2010).  As noted by Defendant, the plaintiff in *Unterreiner* alleged that the defendant "screamed" at her, indicated that she owed "lots of money," and asked "how could you go and max out a card like that?" and such conduct was intended to "harass, oppress or abuse her," and was obscene or profane under 15 U.S.C. § 1692d(2).  *See id.* at *1; *see also* Defendant's Motion for Summary Judgment p. 12.  Defendant further notes that in granting defendant's motion to dismiss the *Unterreiner* court determined that the alleged statements did not state a claim under § 1692d(2), nor did defendant's conduct rise to the level of harassment, oppression, or abuse that courts require to establish under § 1692d.  *See id.* at *2; *see also* Defendant's Motion for Summary Judgment p. 13.

The *Unterreiner* decision is not persuasive or applicable to the present case.  First, the court was deciding a motion to dismiss and as discussed *supra* Defendant answered Plaintiff's Complaint on January 18, 2010.  Therefore, any reference to the insufficiency of Plaintiff's Complaint is inappropriate pursuant to Federal Rule 12.  Secondly, Defendant filed a motion for summary judgment, not a motion to dismiss and so the considerations of the *Unterreiner* court are separate and distinct from this Court.  Lastly, the facts in *Unterreiner* are readily distinguishable from the facts in the present case.  In her Complaint, Plaintiff alleges that Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt in violation of §§ 1692d and 1692d(5) of the FDCPA.  *See* DE 1.  Defendant admits that between February 06, 2009 and November 19, 2009, Defendant placed

one hundred and thirty-two (132) collection calls to Plaintiff. *See* Fact Sheet. In its Answer Defendant admitted that it placed multiple calls to Plaintiff seeking payment of Plaintiff's debt. *See id.* Furthermore, in Defendant's responses to Plaintiff's request for admissions Defendant admitted that it called Plaintiff more than one time in twenty-four (24) hours. *See* Exhibit A. Lastly, Defendant also admitted that it called Plaintiff and hung up without leaving a voicemail message. *See id.* Furthermore, Defendant would sometimes call Plaintiff and hang up without leaving voicemail messages. *See* Exhibits A and B. Plaintiff recognized the telephone number on her caller ID as Defendant's because it was the same phone number that came up on her caller ID when Defendant would leave a voicemail message and state the name of the caller. *Id.* Plaintiff felt harassed by the excessive, constant and continuous calls she received and Defendant only stopped calling after she filed her lawsuit. *Id.* These facts do not even resemble the facts in *Unterreiner*. Additionally, this Court is to analyze whether a genuine issue of material fact exists as to whether Defendant violated §§ 1692d and 1692d(5), not whether Plaintiff's allegations state a claim to survive a motion to dismiss. Therefore, Defendant's use of *Unterreiner* is inappropriate, inapplicable and should not be considered by this Court.[1]

---

[1] Defendant also cites to *Guarjardo v. GC Services, LP,* 2009 WL 3715603 (S.D. Tex), *Thomas v. LDG Fin. Servs., LLC,* 463 F.Supp.2d 1370 (N.D. Ga. 2006); *Majeski v. I.C. System, Inc.,* 2010 WL 145861 (N.D. Ill.) where the courts granted the defendants' motion for summary judgment. However, each of these cases rest on statements made to the plaintiffs by the defendants' collectors and whether they created a genuine issue of material fact that the defendants violated § 1692d. The present case rests on the fact that Defendant admitted that between February 06, 2009 and November 19, 2009, Defendant placed one hundred and thirty-two (132) collection calls to Plaintiff. *See* Fact Sheet. Defendant admitted in its Answer that it placed multiple calls to Plaintiff seeking payment of Plaintiff's debt. *See id.* Defendant admitted that it called Plaintiff more than one time in twenty-four (24) hours. *See* Exhibit A. Lastly, Defendant admitted that it called Plaintiff and hung up without leaving a voicemail message. *See id.* Accordingly, the cases cited by Defendant are inapplicable and not persuasive.

In addition, Defendant relies on *Tucker v. CBE Group, Inc.*, 2010 WL 1849034 (M.D. Fla. May 5, 2010) to argue that Plaintiff's evidence is not sufficient to show a violation of § 1692d(5) of the FDCPA.[2] However, Defendant's reliance on *Tucker* is misplaced. The court in *Tucker* granted summary judgment as to the plaintiff's 1692d claim based solely on the fact that the plaintiff, *a non-debtor*, did not introduce evidence of the collector's intent to harass. The *Tucker* court concluded there was no evidence of intent to harass because: 1) the phone number the collector was calling was listed in the debtor's credit report as belonging to the debtor and not the plaintiff; 2) the debt collector left the plaintiff messages informing that the debt collector was attempting to reach plaintiff's daughter to collect on the debt, and not the plaintiff; 3) the plaintiff never answered any calls made by the debt collector; and 4) the plaintiff testified that he knew they were not trying to collect from him. The court did not conclude as a matter of law that there is some certain threshold as to what does or does not constitute harassment regarding the number or frequency of the calls.[3] As to the plaintiff's 1692d claim the *Tucker* court merely

---

[2] Defendant also cited *Tucker v. Malcolm S. Gerald and Associates, Inc.*, No. 3:09-1183-J-12JRK, 2010 WL 1223912 (M.D. Fla. March 24, 2010). However, the court in this *Tucker* case was deciding a motion to dismiss and, as discussed *infra*, pursuant to Federal Rule 12(b)(6) a motion to dismiss arguing Plaintiff's failure to assert a claim upon which relief must be made before a responsive pleading is filed. *See* Fed. R. Civ. P. 12(b)(6). Defendant filed its Answer on January 18, 2010 and subsequently filed its motion for summary judgment on August 4, 2010. *See* DE 5 and 22. Therefore, the Court should disregard any portion of Defendant's motion arguing the insufficiency of Plaintiff's Complaint.

[3] In fact, the *Tucker* court acknowledged that the "number of calls made during the relevant time period does seem somewhat high." *Tucker* at *7-8 (emphasis added). The defendant in *Tucker* made up to seven (7) calls a day which the court referred to as "somewhat high." While this Court should not determine the threshold level for harassment as a matter of law, it stands to reason that calls on a daily, or almost daily basis, for a period of months would also be considered somewhat high by the *Tucker* standard.

concluded, *in granting summary judgment*, that there were no facts in that case to suggest the debt collector was attempting to harass the plaintiff.[4]

In the present case, Defendant admits it was attempting to reach Plaintiff, not a third party, and Defendant also admits that it placed one hundred and thirty-two (132) collection calls to Plaintiff between February 06, 2009 and November 19, 2009. *See* Fact Sheet. Plaintiff felt harassed by the excessive, constant and continuous calls she received and Defendant only stopped calling after she filed her lawsuit. *See* Exhibit B. This is a fact, not a legal conclusion, and facts not present in *Tucker*. Whether one hundred and thirty-two (132) collection calls to Plaintiff in a nine (9) month period is excessive is a question of fact for a jury. There is case law from throughout the nation recognizing that whether the nature and frequency of debt collection calls constitutes harassment is a factual issue for the jury. *See Bassett v. I.C. System, Inc,* 2010 WL 2179175 (N.D. Ill. June 01, 2010); *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. May 21, 2010); *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) ("Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made"); *Joseph v. J.J. Mac Intyre Companies, LLC.,* 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002) ("[w]hether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls"); *Kuhn v. Account Control Tech., Inc.,* 865 F.Supp. 1443, 1453 (D. Nev. 1994) (six telephone calls in twenty-four minutes constituted harassment in violation of § 1692d(5)); *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370,

---

[4] The *Tucker* court's conclusion contradicts, however, decisions from other courts that have opined, "Intent to annoy, abuse, or harass may be inferred from the frequency of phone calls, the substance of the phone calls, or the place to which phone calls are made." *See*, e.g., *Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) and discussion *infra*.

376 (N.D. Tex. 1986), *aff'd,* 823 F.2d 880 (5th Cir. 1987) (finding harassment where debt collector made as many as four to five telephone calls to the same debtor in one day); *Bingham v. Collection Bureau, Inc.,* 505 F.Supp. 864, 873 (D. N.D. 1981) (a single subsequent call could constitute harassment under § 1692d(5) regardless of the content of the call); *Akalwadi v. Risk Mgmt. Alternatives, Inc.,* 336 F.Supp.2d 492, 506 (D. Md. 2004) ("The record reflects periods in which telephone calls were made on a daily basis and three telephone calls being made within five hours on the same day. The reasonableness of this volume of calls and their pattern is a question of fact for the jury"); *Prewitt v. Wolpoff & Abramson*, *LLP*, 2007 WL 841778 (W.D. N.Y. 2007) (number of calls was an issue of fact for fact finder); *Sanchez v. Client Services,* 520 F.Supp.2d 1149, 1161 (2007) (N.D. Cal. 2007) ("the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez"); and *Clark v. Quick Collect, Inc.*, 2005 WL 1586862, *4 (D. Or. 2005) ("The Court, therefore, holds the reasonableness of defendant's volume of calls and their pattern is a question of fact for the jury").

Moreover, in *Sanchez v. Client Services,* 520 F.Supp.2d 1149 (2007) (N.D. Cal. 2007), the court found that the *defendant's uncontroverted* conduct was so egregious that as a matter of law it constituted a violation of the Act. Notably the court did not find that the facts at issue warranted dismissal, but rather due to the defendant's failure to dispute any of the facts at issue, the facts actually warranted summary judgment in favor of the plaintiff. The court held, "[e]ven viewing the record in the light most favorable to defendants, the frequency and volume of the telephone calls show that defendants intended to annoy, abuse and harass plaintiff Irma Sanchez. Accordingly, plaintiff's motion for partial summary judgment as to this claim is granted." *Id.* at 1161. The *Sanchez* court did not, however, set out a minimum threshold necessary to violate the

Act or otherwise state any legal grounds that would entitle a debt collector to judgment as a matter of law for the facts as alleged herein. *Id.*

Even more importantly, the court in *Krapf v. Nationwide Credit, Inc,* 2010 WL 2025323 (C.D. Cal. May 21, 2010), recognized that the court in *Sanchez v. Client Servs., Inc.,* 520 F.Supp.2d 1149, 1161 (N.D.Cal.2007), reached the exact opposite conclusion of *Tucker* in regards to the underlying motion for summary judgment. The court noted that the court in *Sanchez* granted summary judgment to an FDCPA plaintiff where the defendant made fifty-four (54) calls to the plaintiff at her work over a six-month period, including a day where six calls were made. *Sanchez*, 520 F.Supp.2d at 1160-61. The *Krapf* court commented:

> Indeed, the court in *Sanchez* granted summary judgment for the *plaintiff* where the volume and frequency of calls were nearly identical to the circumstances in *Tucker,* where the court granted summary judgment for the *defendant.*

*Krapf,* 2010 WL 2025323 at *4. The *Krapf* court concluded that courts simply take different views as to the amount and pattern of calls sufficient to raise a triable issue of fact of intent. *Id.* Furthermore, the *Tucker* court mistakenly applied a subjective standard to determine if the plaintiff had been harassed instead of objectively looking at the conduct of the debt collector from a consumer's perspective. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985) ("we hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression or abuse"); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir. 1982) (applying a least sophisticated consumer standard); *Baker v. Citibank,* 13 F.Supp.2d 1037, 1041 (S.D. Cal. 1998) (same); and *Rutyna v. Collection Acounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979 ("actual effect on the recipient is irrelevant"). As such, the *Tucker* decision merely evidences

differing opinions and is not an indication that Defendant's conduct is not a violation of the FDCPA as a matter of law.

Notably, this Court must view all reasonable inferences in favor of Plaintiff, the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). It cannot be said as a matter of law when all reasonable inferences are viewed in favor of Plaintiff that there exists no evidence of Defendant's intent to annoy, abuse or harass based on the frequency and pattern of phone calls made. The fact that neither the plaintiff in *Tucker* nor the Plaintiff in the case at bar was able to procure an admission from the debt collector that it was calling to annoy, abuse, or harass is of no moment when determining whether an issue of fact exists. Therefore, Defendant's motion should be denied as to Plaintiff's §§ 1692d and 1692d(5) claims.

    **C.    THE *TUCKER* COURT IMPOSED BURDENS ON THE PLAINTIFF NOT PRESENT IN THE FDCPA**

In granting summary judgment as to the plaintiff's 1692d(5) claim, the *Tucker* court pointed out that "Defendant was not notified that it could not reach Stacey Tucker at the relevant telephone number and Plaintiff did not request that CBE cease calling." *Tucker* at *7. Nowhere in the FDCPA does Congress impose a burden on the recipient of repeated or continuous calls to inform the debt collector to stop calling or to correct the collector's errant information. Additionally, there is no affirmative defense in the FDCPA that will shield debt collectors from liability if the recipient of unwanted and excessive phone calls fails to tell the collector to stop calling.

Instead, the FDCPA was enacted to regulate the behavior of debt collectors and not consumers or debtors. The Act was enacted in 1977 to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." *Pearce v. Rapid Check Collection, Inc.,* 738 F.Supp. 334 (D. S.D.1990)

(*citing* S.Rep. No. 95-382, at 1 (1977), U.S.Code Cong. & Admin.News 1977, pp. 1695, 1696). Its purpose is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Resultantly, the *Tucker* court's emphasis on the plaintiff's failure to correct the collector or inform it to stop calling is not a fact the court should have considered on summary judgment. Rather, after several phone calls went unanswered or unreturned, it stands to reason that the collector should have gotten the message that the calls are unwanted and stopped calling. Regardless, this is simply an issue of fact for the jury and not one that should be decided on summary judgment by reference to a burden not imposed on a consumer or debtor under the Act.

### D. PLAINTIFF VOLUNTARILY WITHDRAWS HER CLAIMS THAT DEFENDANT VIOLATED §§ 1692c(a)(1) and 1692g(a)(1-5) OF THE FDCPA

Plaintiff voluntarily withdraws her §§ 1692c(a)1 and 1692g(1-5) claims.

### V. CONCLUSION

As the moving party, Defendant has the burden to show that there are no triable issues of fact to be determined at trial. Defendant failed to provide sufficient evidence establishing that it should be entitled to judgment as a matter of law. There remain genuine issues of material fact as to whether Defendant violated §§ 1692d and 1692d(5) of the FDCPA. Defendant failed to meet its burden and, accordingly, Defendant's motion should be denied as to these claims.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order denying Defendant's Motion for Summary Judgment and for any additional relief deemed just and appropriate.

                RESPECTFULLY SUBMITTED,

                By: /s/ *James Pacitti*
                [ ] James Pacitti
                Attorneys for Plaintiff
                Krohn & Moss, Ltd.
                10474 Santa Monica Blvd.,
                Suite 401
                Los Angeles, CA 90025
                323-988-2400 x230
                jpacitti@consumerlawcenter.com
                FBN:  119768

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served upon the counsel(s) of record for Defendant via the Court's Electronic Court Filing ECF/CM system on August 18, 2010.

                By:  /s/ *James Pacitti*
                James Pacitti