UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANNETTE WAITE, | Case No.: 8:09-cv-2336-VMC-AEP |
| Plaintiff, | |
| v. | DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS |
| FINANCIAL RECOVERY SERVICES, INC., | |
| Defendant. | |

Defendant, Financial Recovery Services, Inc. ("Defendant" or "FRS"), for its responses to Plaintiff's Requests for Admissions, states and alleges as follows:

### REQUESTS FOR ADMISSIONS

1. Admit Plaintiff is a "consumer" as defined by 15 USC §1692a(3).

Response: FRS objects to this request as it seeks a conclusion of law. Subject to and without waiver of said objection, FRS states that it lacks information or knowledge sufficient to either admit or deny that Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and therefore denies the same.

2. Admit Defendant is a "debt collector" as defined by 15 USC §1692a(6).

Response: FRS objects to this request as it seeks a conclusion of law. Subject to and without waiver of said objection, FRS admits that at times it is a "debt collector" as defined by 15 U.S.C. §1692a(6) but lacks information or knowledge

sufficient to either admit or deny that it is a "debt collector" as defined by 15 U.S.C. §1692a(6) in the instant matter and therefore denies the same.

3. Admit Plaintiff owed a "debt" as defined by 15 USC §1692a(5).

Response: FRS objects to this request as it seeks a conclusion of law. Subject to and without waiver of said objection, FRS states that it lacks information or knowledge sufficient to either admit or deny that the debt is a "debt" as defined by 15 U.S.C. §1692a(5) and therefore denies the same.

4. Admit Plaintiff owes the debt Defendant is attempting to collect.

Response: Admitted, upon information and belief.

5. Admit Defendant's primary business is to collect debts incurred from personal, family, or household purposes.

Response: Admitted, upon information and belief, although FRS further states that it does not and cannot know whether or not debts placed with it are incurred primarily for personal, family or household purposes.

6. Admit Defendant "communicated" with Plaintiff as defined by 15 USC §1692a(2).

Response: FRS objects to this request as it seeks a conclusion of law. Subject to and without waiver of said objection, FRS admits that it corresponded with Plaintiff but lacks information or knowledge sufficient to either admit or deny the remainder of this request and therefore denies the same.

7. Admit Defendant called Plaintiff on Plaintiff's cell phone.

Response: Denied.

8. Admit Defendant called Plaintiff on Plaintiff's home phone at (727) 536-2242.

**Response:** Admitted.

9. Admit Defendant called Plaintiff at Plaintiff's work.

**Response:** Denied.

10. Admit Defendant called Plaintiff more than one time in 24 hours.

**Response:** Admitted.

11. Admit Defendant called Plaintiff more than three times in 24 hours.

**Response:** Denied, upon information and belief.

12. Admit Defendant called Plaintiff more than five times in 24 hours.

**Response:** Denied, upon information and belief.

13. Admit Defendant called Plaintiff more than seven times in 24 hours.

**Response:** Denied, upon information and belief.

14. Admit Defendant called Plaintiff more than 10 times in 24 hours.

**Response:** Denied, upon information and belief.

15. Admit Defendant called Plaintiff before 8:00 a.m.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

16. Admit Defendant called Plaintiff or after 9:00 p.m.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

17. Admit Defendant called Plaintiff from a phone number that comes up "unknown" on caller ID.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

18. Admit Defendant called Plaintiff from a phone number that comes up "private" on caller ID.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

19. Admit Defendant called Plaintiff from a phone number that comes up "out of area" on caller ID.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

20. Admit Defendant identified itself as a debt collector in all telephone communications.

Response: Admitted, upon information and belief.

21. Admit Defendant called Plaintiff and hung up without leaving a message.

Response: Admitted.

22. Admit Defendant sent Plaintiff a debt notice letter (15 U.S.C. § 1692g) within five days of the initial communication.

Response: Admitted.

23. Admit Defendant communicated with third parties in connection with attempting to collect a debt from Plaintiff.

Response: FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

24. Admit Defendant communicated with third parties more than one time in connection with acquiring Plaintiff's located information.

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

25. Admit Defendant communicated with Plaintiff at Plaintiff's place of employment.

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

26. Admit Defendant communicated with Plaintiff's family member(s).

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

27. Admit Defendant threaten to file a lawsuit against Plaintiff.

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

28. Admit Defendant threaten to put a lien on Plaintiff's property.

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

29. Admit Defendant threatened to garnish Plaintiff's wages.

**Response:** FRS objects to this request as it is not alleged in Plaintiff's Complaint. Subject to and without waiving said objections, denied.

30. Admit all telephone calls Defendant made in an attempt to collect Plaintiff's alleged debt are logged in Defendant's account notes.

**Response: Admitted, upon information and belief.**

31. Admit Defendant recorded telephone conversations with Plaintiff in an attempt to collect Plaintiff's alleged debt.

**Response: Admitted. FRS further states that such recordings are via written records, not audio recordings.**

32. Admit Defendant recorded telephone conversations with third parties in an attempt to collect Plaintiff alleged debt.

**Response: Denied. FRS states that there were no conversations with third parties.**

33. Admit every single communication from Defendant to Plaintiff disclosed that the communication was from a debt collector.

**Response: Admitted, upon information and belief.**

34. Admit Defendant failed to properly identify the nature of the call.

**Response: Denied.**

Dated: April 29, 2010

Respectfully submitted,

*/s/ Dayle M. Van Hoose/*

Dayle M. Van Hoose, Esq.
Florida Bar No.: 016277
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone: (813) 890-2463
Facsimile: (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

>Attorneys for Defendant,
>Financial Recovery Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via facsimile and by placing a copy of same in the U.S. Mail, postage prepaid this 29th day of April 2010.

>Matthew Kiverts, Esq.
>Krohn & Moss, Ltd.
>120 W. Madison St., 10th Floor
>Chicago, IL 60602
>
>James Pacitti, Esq.
>Krohn & Moss, Ltd.
>10474 Santa Monica Boulevard, Suite 401
>Los Angeles, CA 90025
>
>_____
>Attorney

\\sfnfs02\prolawdocs\9255\9255-25565\Waite, Annette\106015.DOC